**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **ANGELICA MORENO,** §<br>§<br>§<br>**Plaintiff,** §<br>**vs.** §<br>§ **CAUSE NO. 3:17-cv-00035**<br>**F X QUICK CASH, LLC d/b/a** §<br>**KENER LENDING** §<br>§<br>**Defendant,** §<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY**
**INJUNCTION AND PERMANENT INJUNCTION**

For Plaintiff's Original Complaint and Application for Temporary Injunction and Permanent Injunction, the Plaintiff Angelica Moreno, by and through the undersigned counsel, states as follows:

**JURISDICTION AND VENUE**

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), Texas Business & Commerce Code, Chapter 305, *et seq.* and Defendant's invasions of the Plaintiff's personal privacy.

2.      Supplemental jurisdiction exits pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

- 1 -

4.      Plaintiff Angelica Moreno (hereinafter "<u>Plaintiff</u>") is an adult individual, presently residing in El Paso, Texas and is a "Person" as defined by 47 U.S.C. § 153(39).

5.      Defendant F X Quick Cash, LLC, d/b/a Kener Lending ("<u>F X</u>") is a Texas corporation with its principal place of business at 2500 West Loop South, Suite 320, Houston, Texas 77027, which may be served with process by serving its registered agent for service of process, Kevin T. Kennedy at 2500 West Loop South, Suite 320, Houston, Texas 77027.

## FACTS

### A. The Telephone Consumer Protection Act, 47 U.S.C. § 227

6.      In an effort to protect consumer against invasive and unauthorized telemarketing calls, Congress enacted the Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394, *codified as amended at* 47 U.S.C. § 227, to "ban all computerized calls to the home"—including "all autodialed calls * * * [to] cellular phones"— "unless the called party consents to receiving them, or unless the calls are made for emergency purposes." S. Rep. No. 102-178, at 6 (1991); *see also Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 742 (2012) (the TCPA restricts "computerized calls to private homes" and other "abuses of telephone technology").

7.      The problems Congress identified have grown only worse in recent years as the use of automated calls has exploded.  When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day.  By 2003, telemarketers were calling 104 million Americans every day, abetted by the proliferation of new and more powerful autodialing technology.  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 (2003) ("<u>2003 TCPA Order</u>"), 18 FCC Rcd. 14014, ¶¶ 2, 8.

- 2 -

8. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

9. The TCPA makes it unlawful:

> "(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-
> ***
>
> "(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]"

*Id.* § 227(b)(1)(A)(iii).

10. A person or entity may bring an action to enjoin a violation of 47 U.S.C. § 227(b)(1)(A)(iii). *Id.* at § 227(b)(3).

11. A person or entity can bring an action to recover the greater of actual damages or $500.00 for each violation of 47 U.S.C. § 227(b)(1)(A)(iii). *Id.*

12. A court may award treble damages for a willful or knowing violation of 47 U.S.C. § 227(b)(1)(A)(iii). *Id.*

13. Congress gave the Federal Communications Commission ("FCC") broad authority to prescribe regulations implementing the restrictions on the use of autodialers. 47 U.S.C. § 227(b)(2).

14. In 2003, the FCC described "predictive dialers" as "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take those calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in

sequential order, or from a database of numbers…the Commission finds that a predictive dialer falls within the meaning and statutory definition of an [ATDS]…" *2003 TCPA Order*, 18 FCC Rcd 14014, ¶131-133.

15.     The FCC determined that a "predictive dialer" falls within the definition of an ATDS under the TCPA.  *Id.*

16.     The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration."  *Id.* at 14022.

17.     The TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call."  *Id.*

18.     No party petitioned for review of the FCC's inclusion of predictive dialers in the definition of an ATDS following the *2003 TCPA Order* or the order denying reconsideration.[1]

19.     In 2008, the FCC affirmed "that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers."  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Dkt. No. 92–90, 23 FCC Rcd. 559, 566 (2008).

20.     In 2012, the FCC again revisited the definition of an ATDS and reemphasized that the term ATDS "covers any equipment that has the specified *capacity* to generate numbers and dial them without human intervention..." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, Declaratory Ruling, 27 F.C.C. Rcd. 15391, 15392 n.5 (2012).

### B.  Tex. Bus. & Com. Code, Chapter 305

---

[1]  Some parties did seek review of other, unrelated aspects of the *2003 TCPA Order*.  *See Mainstream Mktg. Servs., Inc. v. FTC*, 358 F.3d 1228 (10th Cir. 2004).

21.     Texas Utility Code § 55.121 defines an "automatic dial announcing device" ("ADAD") as, "automated equipment used for telephone solicitation or collection that can:

> "(A) store telephone numbers to be called or produce numbers to be called through use of a random or sequential number generator; and

> "(B) convey, alone or in conjunction with other equipment, a prerecorded or synthesized voice message to the number called without the use of a live operator."

22.     The definition of an ATDS under the TCPA is coextensive with the definition of an ADAD under Texas Utility Code § 55.121, except that an ADAD includes the added feature of having the capacity to "convey, alone or in conjunction with other equipment, a prerecorded or synthesized voice message."

23.     Texas Utility Code § 55.130(a) states, "A person may not use an automated dial announcing device without a permit issued by the [Public Utilities Commission of Texas]."

24.     Upon information and belief, F X has failed to obtain the required permits with the Texas Public Utitlity Commission to use its ATDS.

### D. F X's unauthorized calls to Plaintiff's cellular telephone.

25.     Beginning in April 2016, F X began to place telephone calls to Plaintiff's cellular telephone, number 915-XXX-6840.

26.     Plaintiff pays a third-party provider for her cellular phone service in order to be able to send and receive calls.

27.     At all times referenced herein, F X called Plaintiff's cellular telephone using an artificial or prerecorded voice and/or an "automatic telephone dialing system" ("ATDS").

28.     Plaintiff advised F X's representatives that she is represented by legal counsel and to cease calling her and to speak to her attorneys.  Nevertheless, F X continued to call Plaintiff's cellular telephone.

29.     Plaintiff counsel advised F X that Plaintiff was represented by counsel and to cease communicating with Plaintiff.   Nevertheless, F X continued to call Plaintiff's cellular telephone.

30.     Plaintiff and Plaintiff's counsel have both instructed F X to stop calling her cellular telephone number.  Nevertheless, F X continued to call Plaintiff's cellular telephone.

<u>**COUNT I**</u>
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
47 U.S.C. § 227**

31.     Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

32.     At all times mentioned herein, and within four years prior to the filing of this action, F X called Plaintiff on her cellular telephone, F X used an ATDS and/or a prerecorded or artificial voice.

33.     Plaintiff's telephone number called by F X was assigned to a cellular telephone service.

34.     The calls from F X to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

35.     Calls that F X placed to Plaintiff's cellular telephone number violated the TCPA.

36.     F X continually harassed Plaintiff with the unauthorized calls and Plaintiff suffered an invasion of her privacy and a loss of her privacy as a result of F X actions.

37.     Plaintiff incurred actual damages as a result of F X violations of the TCPA.

38.     Despite Plaintiff advising F X that she no longer wanted to be called and directing F X to cease all calls to her cellular telephone, F X continued to place telephone calls to Plaintiff's cellular telephone.  Each such call placed to Plaintiff was made in knowing and/or

- 6 -

willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

39.     Plaintiff is entitled to an order enjoining any further violation of 47 U.S.C. § 227(b)(1)(A)(iii) pursuant to 47 U.S.C. § 227(b)(3).

40.     As a result of each call made by F X in negligent violation of the TCPA, Plaintiff is entitled to an award of the greater of actual damages or $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

41.     As a result of each call made by F X in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### VIOLATIONS OF TEX. BUS. & COM. CODE, CHAPTER 305.

42.     Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

43.     Plaintiff is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

44.     Defendants are each a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

45.     Pursuant to Section 305-053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both an injunction and damages.

46.     Plaintiff is entitled to a temporary injunction and a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305.

47.     Pursuant to Section 305-053(b) of the Texas Business & Commerce Code, Plaintiff is entitled to the greater of $500.00 for each violation or Plaintiff's actual damages for each call negligently made by F X.

48.     Pursuant to Section 305-053(c) of the Texas Business & Commerce Code, Plaintiff is entitled to not more than the greater of $1,500.00 for each violation or three times Plaintiff's actual damages for each violation by F X that the Court finds was made knowingly or intentionally.

## COUNT III
## Invasion of Privacy by Intrusion Upon Seclusion

49.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

50.     Defendant and/or its agents intentionally and/or negligently and/or recklessly interfered, physically or otherwise, with the solitude, seclusion and or private concerns of affairs of Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

51.     Defendant and its agents intentionally and/or negligently and/or recklessly caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

52.     The conduct of Defendant and its agents, in engaging in the above described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a person in that position.

53.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages from Defendant in an amount to be determined at trial.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief against the Defendant:

1.      That after due notice and hearing, a TEMPORARY INJUNCTION be issued; and upon final hearing a PERMANENT INJUNCTION be issued, restraining and enjoining Defendant, Defendant's successors, assigns, officers, agents, servants, employees and attorneys and any other person in active concert or participation with Defendant from communicating with Plaintiff in a manner that violates 47 U.S.C. § 227 and/or Texas Business & Commerce Code, Chapter 305; and

2.      That judgment be entered against the Defendant, or as the Court may find appropriate, for the greater of actual damages or statutory damages of Five Hundred Dollars ($500.00) for each and every negligent violation pursuant to 47 U.S.C. § 227(b)(3)(B), or in the alternative, pursuant to Section 305-053(b) of the Texas Business & Commerce Code; and

3.      That judgment be entered against the Defendant, or as the Court may find appropriate, for treble damages of up to One Thousand Five Hundred Dollars ($1,500.00) for each and every willful and/or knowing violations pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), or in the alternative, for each and every knowing or intentional violation pursuant to Section 305-053(c) of the Texas Business & Commerce Code; and

4.      That the Court order such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED this <u>7th</u> day of <u>February</u>, 20<u>16</u>.

Respectfully submitted,

Heston Ciment, PLLC

/s/ Daniel J. Ciment

Daniel J. Ciment
Texas Bar No. 24042581
James B. Heston
Texas Bar No. 00787689
607 Park Grove Dr.,
Suite B
Katy, TX 77450
713-270-4833 – phone
713-583-9296 – fax
Daniel@HestonCiment.com
ATTORNEYS FOR PLAINTIFF

- 10 -